Matthew G. Berkowitz (Bar No. 310426)
Yue (Joy) Wang (Bar No. 300594)
SHEARMAN & STERLING LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3600
Fax: 650.838.3699
Email: matthew.berkowitz@shearman.com
       joy.wang@shearman.com

L. Kieran Kieckhefer (Bar No. 251978)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415.616.1100
Fax: 415.616.1339
Email: kieran.kieckhefer@shearman.com

*Attorneys for Defendant GNOME Foundation*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ROTHSCHILD PATENT IMAGING LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GNOME FOUNDATION,<br><br>　　　　　Defendant. | Case No. 4:19-cv-05414-HSG<br><br>**GNOME FOUNDATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: Hon. Haywood S. Gilliam Jr. |

Defendant GNOME Foundation ("GNOME"), by and through its undersigned attorneys, hereby submits its Answer, Affirmative Defenses, and Counterclaims in response to the Original Complaint (D.I. 1) ("Complaint") filed by Plaintiff Rothschild Patent Imaging LLC ("RPI").

## GNOME'S PRELIMINARY STATEMENT

GNOME denies all the allegations of the Complaint, unless specifically admitted, and respectfully states as follows:

## PARTIES AND JURISDICTION[1]

1. GNOME admits that RPI purports to bring a claim for patent infringement under Title 35 of the United States Code and that RPI purports to seek injunctive relief and damages. Otherwise, this paragraph calls for a legal conclusion and no further response is required.

2. GNOME admits that RPI purports that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Otherwise, this paragraph calls for a legal conclusion and no further response is required.

3. GNOME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in this paragraph and therefore denies them.

4. GNOME admits that it is a California nonprofit corporation organized and operated exclusively for charitable purposes within the meaning of Section 501(c)(3) of the United States Internal Revenue Code.  GNOME admits that it has a principal place of business at #117 21 Orinda Way, Orinda, California 94563.  GNOME denies the remaining allegations of this paragraph and denies that service was properly effectuated.

5. GNOME admits that this Court has personal jurisdiction over GNOME for the purposes of this litigation.  GNOME denies the remaining allegations of this paragraph.

6. GNOME denies the allegations of this paragraph.

---

[1] GNOME generally follows the headings set forth in the Complaint in order to simplify comparison of the Complaint and the Answer.  By doing so, GNOME makes no admission regarding the substance of the heading or any other allegations of the Complaint, and unless otherwise stated, to the extent that a particular heading can be construed as an allegation, GNOME specifically denies each such allegation.

# VENUE

7. GNOME admits that venue is proper in this District for the purposes of this litigation. Otherwise, this paragraph calls for a legal conclusion and no further response is required.

# COUNT I

## (Alleged Infringement of U.S. Patent No. 9,936,086)

8. GNOME incorporates by reference its responses to paragraphs 1 to 7, as though fully set forth herein.

9. GNOME admits that RPI purports to bring a claim under 35 U.S.C. § 271 *et seq.*

10. GNOME is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph and therefore denies them.

11. GNOME admits that the '086 patent is titled "Wireless Image Distribution System and Method" and that a copy of the '086 patent is purportedly attached as Exhibit A to the Complaint. GNOME denies the remaining allegations of this paragraph.

12. GNOME denies the allegations of this paragraph.

13. GNOME denies the allegations of this paragraph.

14. GNOME denies the allegations of this paragraph.

15. GNOME denies the allegations of this paragraph.

16. GNOME denies the allegations of this paragraph.

17. GNOME denies the allegations of this paragraph.

18. GNOME denies the allegations of this paragraph.

19. GNOME denies the allegations of this paragraph.

20. GNOME denies the allegations of this paragraph.

21. GNOME denies the allegations of this paragraph.

22. GNOME denies the allegations of this paragraph.

# RPI'S PRAYER FOR RELIEF

GNOME denies that RPI is entitled to any relief, including the prayers set forth in its Prayers for Relief.

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

### (Failure to State a Claim)

RPI's Complaint fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

### (Non-Infringement of the '086 Patent)

RPI has alleged only direct infringement under 35 U.S.C. § 271(a) in its Complaint. GNOME has not directly infringed, literally or under the doctrine of equivalents, any valid and enforceable claim of the '086 patent.

## Third Affirmative Defense

### (Invalidity of the '086 Patent)

One or more claims of the '086 patent are invalid and/or unenforceable for failure to meet the requirements of Title 35 of the United States Code, including without limitation Sections 101, 102, 103, and/or 112, for example, as being (i) directed to patent ineligible subject matter as set forth in GNOME's Motion to Dismiss the Original Complaint Pursuant to Rule 12(b)(6) filed concurrently herewith, (ii) invalid for lack of written description, enablement and/or indefiniteness, and (iii) invalid as anticipated and/or obvious in view of at least the prior art cited during prosecution of the application leading to the '086 patent and in other RPI patents and applications (including abandoned applications).

## Fourth Affirmative Defense

### (Limitation on Patent Damages)

RPI's claims for damages, if any, are limited and/or barred by 35 U.S.C. §§ 268, 287 and 288. For example, RPI failed to comply with the marking requirements set forth in 35 U.S.C. § 287, making GNOME not liable to RPI for any alleged patent infringement committed before GNOME received actual notice that it was allegedly infringing the patents-in-suit.

### Fifth Affirmative Defense

### (License)

RPI's claim is barred, in whole or in part, as a result of express or implied licenses to the '086 patent at least by virtue of license agreements it has entered into with third parties.

### Sixth Affirmative Defense

### (Exceptional Case)

This is an exceptional case under 35 U.S.C. § 285, including at least because RPI has asserted and continues to assert patents that it knows to be invalid and not infringed, and, thus, GNOME is entitled to its attorneys' fees incurred defending against RPI's Complaint.

### Seventh Affirmative Defense

### (No Injunctive Relief)

RPI is not entitled to injunctive relief because any injury to RPI is not immediate and irreparable, RPI would have an adequate remedy at law to the extent it proves injury, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

### Eighth Affirmative Defense

### (No Damages)

RPI's claims are barred because it has not suffered any damages as a result of GNOME's alleged conduct.

### Ninth Affirmative Defense

### (Lack of Standing)

RPI's claim is barred, in whole or in part, because it lacks standing.

### RESERVATION OF ADDITIONAL DEFENSES

GNOME reserves the right to seek leave to amend its Answer to plead additional defenses and/or supplement existing defenses, as such additional or existing defenses may become apparent in the course of discovery and GNOME's ongoing investigation.

# COUNTERCLAIMS

GNOME Foundation brings the following counterclaim against Rothschild Patent Imaging LLC as follows:

## PARTIES

23. Counterclaim Plaintiff GNOME Foundation ("GNOME") is a California nonprofit corporation organized and operated exclusively for charitable purposes within the meaning of Section 501(c)(3) of the United States Internal Revenue Code with a principal place of business located at #117 21 Orinda Way, Orinda, California 94563.

24. Upon information and belief, Counterclaim Defendant Rothschild Patent Imaging LLC ("RPI") is a Texas limited liability corporation with a principal place of business at 25700 Interstate 45, Suite 4119, The Woodlands, Texas 77386-1364.

## JURISDICTION AND VENUE

25. This Court has subject matter jurisdiction over GNOME's declaratory judgment claim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and pursuant to the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, under diversity jurisdiction pursuant to 28 U.S.C. § 1332.

26. This Court has personal jurisdiction over RPI at least because it has submitted to the jurisdiction of this Court.

27. Vene is proper under 28 U.S.C. §§ 1391 and 1400(b).

## FIRST COUNTERCLAIM

### (Non-Infringement of U.S. Patent No. 9,936,086)

28. Each of the foregoing paragraphs is incorporated in this First Counterclaim, as if fully set forth herein.

29. On August 28, 2019, RPI filed its Original Complaint, alleging that it is the owner of the '086 patent.

30. GNOME has not infringed and is not infringing the '086 patent, willfully or otherwise, directly, contributorily or by inducement, either literally or by application of the doctrine of equivalents. GNOME incorporates herein by reference its Second Affirmative Defense above.

31.     Pursuant to 28 U.S.C. § 2201(a), and as a result of RPI's allegations of infringement against GNOME, an actual and justiciable controversy has arisen and exists between GNOME and RPI.  GNOME is entitled to a judicial determination and declaration that it has not infringed and is not infringing the '086 patent.

32.     On information and belief, when RPI brought this action, it knew, or should have known, that GNOME has not infringed and does not infringe any valid and enforceable claim of the '086 patent.

33.     This counterclaim presents exceptional circumstances within the meaning of 35 U.S.C. § 285, and GNOME is thus entitled to an award of its reasonable attorneys' fees.

## SECOND COUNTERCLAIM

### (Invalidity of U.S. Patent No. 9,936,086)

34.     Each of the foregoing paragraphs is incorporated in this Second Counterclaim, as if fully set forth herein.

35.     On August 28, 2019, RPI filed its Original Complaint, alleging that it is the owner of the '086 patent.

36.     The '086 patent is unpatentable or invalid for failure to meet one or more of the conditions of patentability or patent eligibility specified in the Patent Act, 35 U.S.C. § 101 *et seq.*, including, but not limited to, the conditions of patentability or patent eligibility set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.  GNOME incorporates herein by reference its above Third Affirmative Defense and its Motion to Dismiss the Original Complaint Pursuant to Rule 12(b)(6) filed concurrently herewith.

37.     Pursuant to 28 U.S.C. § 2201(a), and as a result of RPI's allegations of infringement against GNOME, an actual and justiciable controversy has arisen and exists between GNOME and RPI.  GNOME is entitled to a judicial determination and declaration that the '086 patent is ineligible or invalid.

38.     On information and belief, when RPI brought this action, it knew, or should have known, that the '086 patent is ineligible or invalid.

39. This counterclaim presents exceptional circumstances within the meaning of 35 U.S.C. § 285, and GNOME is thus entitled to an award of its reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, GNOME prays this Court:

A. For dismissal of the Original Complaint with prejudice in its entirety;

B. For judgment in favor of GNOME and against RPI on all causes of action herein;

C. For denial of RPI's prayers for relief;

D. For GNOME's costs and attorneys' fees;

E. For preliminary and permanent injunctive relief;

F. For judgment that this is an exceptional case;

G. For prejudgment interest; and

H. For such other further relief as the Court may deem just and proper.

Dated: October 21, 2019

Respectfully submitted,

SHEARMAN & STERLING LLP

By: */s/ Matthew G. Berkowitz*

Matthew G. Berkowitz

*Attorney for Defendant, GNOME Foundation*