Matthew G. Berkowitz (Bar No. 310426)
Yue (Joy) Wang (Bar No. 300594)
SHEARMAN & STERLING LLP
1460 El Camino Real, 2nd Floor
Menlo Park, CA 94025
Telephone: 650.838.3600
Fax: 650.838.3699
Email: matthew.berkowitz@shearman.com
        joy.wang@shearman.com

L. Kieran Kieckhefer (Bar No. 251978)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415.616.1100
Fax: 415.616.1339
Email: kieran.kieckhefer@shearman.com

*Attorneys for Defendant GNOME Foundation*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| ROTHSCHILD PATENT IMAGING LLC, | Case No. 4:19-cv-05414-HSG |
| Plaintiff, | **GNOME FOUNDATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE ORIGINAL COMPLAINT PURSUANT TO RULE 12(b)(6)** |
| v. | |
| GNOME FOUNDATION, | Date:       Feb. 27, 2020 |
| Defendant. | Time:       2:00 PM |
| | Courtroom:  No. 2 – 4th Floor |
| | Judge:      Hon. Haywood S. Gilliam Jr. |
| | Trial Date: TBD |

# **TABLE OF CONTENTS**

I.     **INTRODUCTION**.....................................................................................................1

II.    **ARGUMENT** ..........................................................................................................1

     A.     The Claims of the '086 Patent Are Abstract and Lack Any Inventive Concept .........1

          1.     The Claims of the '086 Patent Are Directed To An Abstract Idea. .................1

               a.     Filtering based on some criteria is still abstract. ..................................2

               b.     Transmitting filtered images is still abstract. .......................................2

               c.     The '086 patent does not recite a processor, let alone a non-generic processor. ...................................................................................................3

               d.     RPI's assertions of no preemption are irrelevant. ...............................4

          2.     The Limitations of the Claims of the '086 Patent Do Not Recite An Inventive Concept When Considered as an Ordered Combination................................5

               a.     Filtering based on some criteria does not add an inventive concept to the abstract idea of receiving, filtering, and transmitting images. .......5

               b.     The specification of the '086 patent confirms that it recites generic computer components arranged in a conventional manner that carry out known methods. ...............................................................................6

     B.     There Are No Factual Disputes That Need to be Resolved Before Granting the Motion to Dismiss. .....................................................................................................7

     C.     Claim Construction Is Not Needed And Cannot Be Relied On To Avoid Dismissal.......8

III.     **CONCLUSION**......................................................................................................8

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Cases**

3

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
4          890 F.3d 1354 (Fed. Cir. 2018)..................................................................................6

5

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
          134 S. Ct. 2347 (2014) .............................................................................................2
6

7

*Ariosa Diagnostics, Inc. v. Sequenom, Inc.*,
          788 F.3d 1371 (Fed. Cir. 2015)................................................................................4

8

*Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*,
9          687 F.3d 1266 (Fed. Cir. 2012)................................................................................8

10

*Berkheimer v. HP Inc.*,
          881 F.3d 1360 (Fed. Cir. 2018)................................................................................7

11

*Bilski v. Kappos*,
12          561 U.S. 593 (2010) .................................................................................................2

13

*ChargePoint, Inc. v. SemaConnect, Inc.*,
          920 F.3d 759 (Fed. Cir. 2019)..................................................................................7
14

15

*Cisco Sys., Inc. v. Uniloc USA, Inc.*,
          386 F. Supp. 3d 1185 (N.D. Cal. 2019) ...................................................................7

16

*Cogent Med., Inc. v. Elsevier Inc.*,
17          70 F. Supp. 3d 1058 (N.D. Cal. 2014) .................................................................5, 6

18

*Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*,
19          776 F.3d 1343 (Fed. Cir. 2014)................................................................................3

20

*Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.*,
          558 F. App'x 988 (Fed. Cir. 2014) ...........................................................................3

21

*DDR Holdings, LLC v. Hotels.com, L.P.*,
22          773 F.3d 1245 (Fed. Cir. 2014)............................................................................3, 6

23

*Elec. Power Grp. LLC v. Alstom, S.A.*,
          830 F.3d 1350 (Fed. Cir. 2016)................................................................................2
24

25

*Enfish, LLC v. Microsoft Corp.*,
          822 F.3d 1327 (Fed. Cir. 2016)............................................................................3, 4

26

*In re Gilead Scis. Sec. Litig.*,
27          536 F.3d 1049 (9th Cir. 2008)..................................................................................7

28

*Intellectual Ventures I LLC v. Erie Indem. Co.*,
   850 F.3d 1315 (Fed. Cir. 2017) ........................................................................................... 3

*Intellectual Ventures I, LLC v. Capital One Bank (USA), N.A.*,
   792 F.3d 1363 (Fed. Cir. 2015) ........................................................................................... 2

*Internet Patents Corp. v. Active Network, Inc.*,
   790 F.3d 1343 (Fed. Cir. 2015) ........................................................................................... 2

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
   837 F.3d 1299 (Fed. Cir. 2016) ........................................................................................... 4

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
   873 F.3d 905 (Fed. Cir. 2017) ............................................................................................. 7

*Smart Authentication IP LLC v. Elec. Arts, Inc.*,
   402 F. Supp. 3d 842 (N.D. Cal. 2019) ................................................................................ 7

*TLI Commc'ns, LLC v. AV Auto. LLC*,
   823 F.3d 607 (Fed. Cir. 2016) ............................................................................................. 3

*Uniloc USA Inc. v. LG Elecs. USA Inc.*,
   379 F. Supp. 3d 974 (N.D. Cal. 2019) ........................................................................... 7, 8

*Voip-Pal.Com, Inc. v. Apple Inc.*,
   375 F. Supp. 3d 1110 (N.D. Cal. 2019) .............................................................................. 4

*Voip-Pal.Com, Inc. v. Apple Inc.*, Nos. 18-CV-06216-LHK, 18-CV-07020-LHK,
   2019 WL 5684521 (N.D. Cal. Nov. 1, 2019) ..................................................................... 7

*Voter Verified, Inc. v Election Sys. & Software LLC*,
   887 F.3d 1376 (Fed. Cir. 2018) ........................................................................................... 7

**Statutes**

35 U.S.C. § 101 ........................................................................................................................... 8

1

## I.      INTRODUCTION

Plaintiff Rothschild Patent Imaging ("RPI") asserts that a claim limitation requiring filtering images based on "transfer criteria" (*e.g.*, whether the image depicts the Golden Gate Bridge), and transmitting those images to a second device, saves the asserted patent, U.S. Patent No. 9,936,086 ("the '086 patent"), from ineligibility.  This is wrong.  Claims directed to the filtering and transmission of data have been found abstract time and time again, regardless of the particular "filtering" criteria being applied, or the type of data (images, videos, or something else) being filtered.  *See BASCOM*, 827 F.3d at 1348 (Fed. Cir. 2016) ("Filtering content is an abstract idea because it is a longstanding, well-known method for organizing human behavior").  Moreover, RPI cannot identify any new computer technology or non-generic components or configuration of components used by the '086 patent for performing the "filtering" process.  Accordingly, this is a classic example of the now well-defined category of claims that the Supreme Court and Federal Circuit have held are patent ineligible.

Further, RPI does not identify any genuine issues of material fact that must be resolved or claim terms that must be construed in order to reach that result.  As such, patent eligibility is ripe for resolution at the motion to dismiss stage, before the parties and the Court waste time with discovery and other unnecessary claim construction disputes.  And, because the shortcomings are inherent to the '086 patent and cannot be fixed, the Court should dismiss RPI's complaint with prejudice.

## II.     ARGUMENT

### A.      The Claims of the '086 Patent Are Abstract and Lack Any Inventive Concept

#### 1.      The Claims of the '086 Patent Are Directed To An Abstract Idea.

RPI briefly disputes that the concept of receiving, filtering, and transmitting images is an abstract idea.  *See* Opp. at 8.  RPI also argues that claim 4 is not directed to an abstract idea because (1) the images are filtered based on some criteria, (2) the filtered images are transmitted, and (3) the [unclaimed] processor that supposedly filters the images is functioning in a non-generic manner.  None of these arguments have merit.

a.      **Filtering based on some criteria is still abstract.**

RPI argues that GNOME ignores limitations in the patent claim relating to the *type* of filtering criteria and that this renders the claim non-abstract.  *See* Opp. at 9-10.  RPI's argument misconstrues the law.  "[T]he first-stage inquiry [of *Alice*] look[s] at the focus of the claims, their character as a whole[.]"  *See Elec. Power Grp. LLC v. Alstom, S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016) (internal quotations omitted).  *Internet Patents*, cited by RPI, does not hold otherwise.  *See Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1346 (Fed. Cir. 2015) (holding that the asserted claim was directed to the abstract idea of "retaining information in the navigation of online forms," an articulation that did not incorporate all limitations of the asserted claim but rather crystallized its "focus" or "character as a whole." ) (emphasis added).[1]  The '086 Patent may filter based on "transfer criteria," but, at its core, it is still claiming filtering, which is abstract.  *See id.* at 1353; *BASCOM*, 827 F.3d at 1348 ("filtering content is an abstract idea because it is a longstanding, well-known method for organizing human behavior, similar to concepts previously found to be abstract").

Further, filtering necessarily requires comparing the filtered material against *some* criteria.  Here, the criteria claimed in the '086 patent can be based on any "topic, theme, or individual shown in the respective photographic image"—the color blue, an image of a building, an image taken on a particular day.  *See* Compl., Ex. A at 14:5-33 (claims 1 through 4); *see also* Opp. at 9 (quoting same).  The '086 patent does not even purport to have developed any new criteria, let alone a new way of filtering images.  *See* Mot. at 10.  It simply claims filtering images according to some (any) criteria based on the content of the images, the same way that people have been reviewing and sorting artwork, photographs, and other data in their heads for centuries or longer.  As such, this is a classic abstract idea.

b.      **Transmitting filtered images is still abstract.**

RPI admits that transmitting data is an abstract idea, but argues that *TLI* and *Content Extraction* are distinguishable because they involve transmission of classification data or recognized

---

[1] *See, e.g.*, *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355-57 (2014) (abstract idea was "intermediated settlement"); *Bilski v. Kappos*, 561 U.S. 593, 611 (2010) (abstract idea was "hedging"); *Intellectual Ventures I, LLC v. Capital One Bank (USA), N.A.*, 792 F.3d 1363, 1367 (Fed. Cir. 2015) (abstract idea was "budgeting").

data, and not filtered images.  *See* Opp. at 11-12; *see also TLI Commc'ns, LLC v. AV Auto. LLC*, 823 F.3d 607, 611 (Fed. Cir. 2016); *Content Extraction & Transmission LLC v. Wells Fargo Bank, N.A.*, 776 F.3d 1343, 1347 (Fed. Cir. 2014).  This is an irrelevant difference.  The '086 patent admits that digital images are data.  *See* Compl., Ex. A. at 5:39-43 ("data and/or information, include[s] . . . digital photographic images").  Collecting, classifying, collecting, and filtering data are all abstract forms of data manipulation.  *See Intellectual Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315, 1327 (Fed. Cir. 2017) ("We have previously held other patent claims ineligible for reciting similar abstract concepts that merely collect, classify, or otherwise filter data." (citing *TLI*, *Content Extraction*, and *BASCOM*).  Transmitting the results of such collection, classification, and filtering is also abstract. *See Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.*, 558 F. App'x 988, 992 (Fed. Cir. 2014) ("[U]sing categories to organize, store, and transmit information is well-established. . . . [T]he idea of collecting information in classified form, then separating and transmitting that information according to its classification, is an abstract idea that is not patent-eligible.").  Moreover, as the '086 patent admits, deciding what images to transfer can be performed in the human mind.  *See* Mot. at 10. RPI offers no argument that the transmission step uses new computer technology, or accomplishes transmission in some unconventional manner.  *Compare* Compl., Ex. A at 3:50-65 (explaining that any known wireless transmission protocol can be used).

<strong>c.  The '086 patent does not recite a processor, let alone a non-generic processor.</strong>

  RPI also argues that the '086 patent is "rooted in computer technology."  But, even if correct (which it's not), this is not the test for patent eligibility.  *See* Opp. at 10.  The Federal Circuit in *DDR Holdings* expressly warned against such a conclusion, cautioning that "not all claims purporting to address Internet-centric challenges are eligible for patent." *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1258 (Fed. Cir. 2014).  Instead, the test is "whether the focus of the claims is on the specific asserted improvement in computer capabilities . . . or, instead, on a process that qualifies as an 'abstract idea' for which computer are invoked merely as a tool." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335-36 (Fed. Cir. 2016).

1      In *Enfish*, the Federal Circuit held that the claims at issue were directed to a "specific
2 improvement to the way computers operate" namely a "self-referential table" that differed from
3 conventional tables in that it could generate new columns in a table by adding new rows to the same
4 table. *See* 822 F.3d at 1337. The self-referential table was an "improvement to computer capabilities"
5 because it offered "increased flexibility, faster search times, and smaller memory requirements." *Id.*
6 In *McRO*, the patent at issue described a computer-implemented process for "producing accurate and
7 realistic lip synchronization and facial expressions in animated characters." *McRO, Inc. v. Bandai*
8 *Namco Games Am. Inc.*, 837 F.3d 1299, 1314 (Fed. Cir. 2016). The process in *McRO* differed from
9 the existing process used by animators, which "was driven by subjective determinations rather than
10 specific, limited mathematical rules." *Id.*

11      RPI also asserts that the '086 patent recites a non-generic processor, without explaining what
12 that non-generic processor is, how it functions in a non-generic manner, or where it is described in
13 the patent specification. *See* Opp. at 12. In reality, the '086 patent specification does not mention a
14 processor at all, let alone a non-generic one, except as a limitation of claim 1, and otherwise explains
15 that the same filtering process can be carried out "manually." *See* Mot. at 5; *see also generally*,
16 Compl., Ex. A.

17      And, unlike the improvements claimed in *Enfish* and *McRO*, the claimed filtering and
18 transmission is routine and is carried out by the recited generic computer components in the same
19 manner that humans have always done. *See* Mot. at 6-8. RPI also does not cite to any portion of the
20 '086 Patent that describes any improvement to computer capabilities, or how the recited filtering and
21 transmission concepts fundamentally differ from existing practices. *See Enfish*, 822 F.3d at 1337;
22 *McRO*, 837 F.3d at 1314. Attorney argument cannot fill the gaps in the patent disclosure and claim
23 language. *See Voip-Pal.Com, Inc. v. Apple Inc.*, 375 F. Supp. 3d 1110, 1145 (N.D. Cal. 2019).

24          **d.**     **RPI's assertions of no preemption are irrelevant.**

25      RPI's preemption arguments are also irrelevant because "the absence of complete preemption
26 does not demonstrate patent eligibility." *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371,
27 1379 (Fed. Cir. 2015). Here, because the '086 patent discloses only patent-ineligible subject matter
28 under the *Mayo/Alice* framework, "preemption concerns are fully addressed and made moot." *See id.*

2.  **The Limitations of the Claims of the '086 Patent Do Not Recite An Inventive Concept When Considered as an Ordered Combination.**

    a.  **Filtering based on some criteria does not add an inventive concept to the abstract idea of receiving, filtering, and transmitting images.**

RPI appears to assert that the claims recite an inventive concept because of the "filtering" limitation, which, per RPI, can only be accomplished with non-generic processors (even though such non-generic processors are not mentioned in the specification and the patent otherwise states that a user can "manually" filter the images, *see* Compl., Exh. A at 9:42).

As discussed above, filtering based on criteria is just filtering, which is "a long-standing, well-known method for organizing human behavior." *See supra* Section II.A.1.a; *BASCOM*, 827 F.3d at 1348. In *BASCOM*, the patent at issue, which was directed to the abstract idea of filtering internet content and "recited generic computer, network, and internet components" survived *Alice* step two because it described "the installation of a filtering tool at a specific location," which was a "non-conventional and non-generic arrangement of known, conventional pieces" that improved the performance of the overall computer system. *Id.* at 1349-50. The '086 patent is similarly directed to the abstract idea of receiving, filtering, and transmitting images and similarly recites generic computer components, but does not describe any "nonconventional and non-generic arrangement" of those generic computer components. *See id.*

Adding that the filtering is based on some unspecified "criteria" does not add an inventive concept to the abstract idea of receiving, filtering, and transmitting images. Contrary to RPI's assertion, the inventive concept inquiry is not synonymous with novelty or non-obviousness, which are other patentability requirements under Sections 102 and 103, respectively. Rather, the inventive feature "refer[s] to the abstract idea doctrine's prohibition on patenting fundamental truths, ***whether or not the fundamental truth was recently discovered.***" *Cogent Med., Inc. v. Elsevier Inc.*, 70 F. Supp. 3d 1058, 1064 n.3 (N.D. Cal. 2014) (citing *Alice*, 134 S. Ct. at 2357) (emphasis added). Therefore, "the addition of a conventional element [] to an abstract idea does not add an 'inventive feature' to the abstract idea." *Id.* Here, filtering based on some "criteria" is inherent to the very

1    concept of filtering; it is effectively part of the abstract idea itself, and therefore cannot constitute an

2    inventive concept.  *See id.*; *supra* Section II.A.1.a; *Aatrix Software, Inc. v. Green Shades Software,*

3    *Inc.*, 890 F.3d 1354, 1359 (Fed. Cir. 2018) ("It is clear from *Mayo* that the 'inventive concept' cannot

4    be the abstract idea itself, and *Berkheimer* and *Aatrix* leave untouched the numerous cases from this

5    court which have held claims ineligible because the only alleged 'inventive concept' is the abstract

6    idea.") (citing *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 72-73 (2012)).

7            b.      **The specification of the '086 patent confirms that it recites**

8                    **generic computer components arranged in a conventional manner**

9                    **that carry out known methods.**

10           Citing to *DDR Holdings*, RPI asserts that the claims of the '086 patent "are specific and

11   provide technical detail regarding how certain components are configured and operate in a non-

12   generic manner."  Opp. at 14.  The claims in *DDR Holdings* are distinguishable because they specify

13   a result that "overrides the routine and conventional sequence of events ordinarily triggered by the

14   click of a hyperlink."  773 F.3d at 1258.  RPI does not cite to any portion of the '086 Patent to support

15   that the '086 patent specifies a similarly unconventional result.

16           Indeed, RPI's argument that the '086 patent discloses a "specialized, non-generic processor"

17   is belied by the '086 patent itself.  As discussed above, the '086 patent specification does not disclose

18   a processor at all (except for in claim 1), but instead describes filtering images "based on specified

19   criteria" in purely functional terms, for example:   1) storing specified criteria in a device, (2)

20   comparing the images received at the device with the specified criteria stored on the device, and (3)

21   transmitting the images that meet the specified criteria to a receiving device.  *See* Compl., Ex. A at

22   13:1-29.  Further, the '086 patent discloses that the actual filtering is carried out by known methods,

23   such as by users "manually" or by "object recognition software or other mechanism(s) for identifying

24   objects or individuals within a captured image."  *See* Mot. at 5 (citing and quoting Compl., Ex. A at

25   6:47-51 & 54-59, 9:35-54).

26

27

28

**B.**     **There Are No Factual Disputes That Need to be Resolved Before Granting the Motion to Dismiss.**

The Federal Circuit made clear that "[n]othing in [its *Berkheimer*] decision should be viewed as casting doubt on the propriety of those cases" resolving Section 101 inquiries on motions to dismiss "where there is no genuine dispute over the underlying material facts." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1369 (Fed. Cir. 2018). "When there is no genuine issue of material fact regarding whether the claim element or claimed combination is well-understood, routine, conventional to a skilled artisan in the relevant field, this issue can be decided . . . as a matter of law." *Id.* Further, though the Rule 12(b)(6) standard requires accepting as true the complaint's factual allegations in the light most favorable to the plaintiff, "a court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification." *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017). Nor is a court required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

As a result, since *Berkheimer*, numerous courts in this District continue to find patents ineligible under Section 101 at the pleading stage, and the Federal Circuit continues to affirm Section 101 rejections at the pleading stage. *See, e.g.*, *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759 (Fed. Cir. 2019); *Voter Verified, Inc. v Election Sys. & Software LLC*, 887 F.3d 1376 (Fed. Cir. 2018); *Voip-Pal.Com, Inc. v. Apple Inc.*, Nos. 18-CV-06216-LHK, 18-CV-07020-LHK, 2019 WL 5684521 (N.D. Cal. Nov. 1, 2019); *Smart Authentication IP LLC v. Elec. Arts, Inc.*, 402 F. Supp. 3d 842 (N.D. Cal. 2019); *Cisco Sys., Inc. v. Uniloc USA, Inc.*, 386 F. Supp. 3d 1185, 1192 (N.D. Cal. 2019); *Uniloc USA Inc. v. LG Elecs. USA Inc.*, 379 F. Supp. 3d 974 (N.D. Cal. 2019).

Here, RPI has not identified any genuine dispute of material fact. The specification of the '086 patent itself supports GNOME's arguments that each of the claim elements and the claimed combination are "well understood, routine, [and] conventional," and undermines RPI's uncited assertions to the contrary. *See Berkheimer*, 881 F.3d at 1369. As a result, the eligibility of the '086 patent can be decided as a matter of law.

C.  **Claim Construction Is Not Needed And Cannot Be Relied On in the Abstract To Avoid Dismissal.**

"[C]laim construction is not an inviolable prerequisite to a validity determination under § 101." *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273-74 (Fed. Cir. 2012).  Where the court has a "full understanding of the basic character of the claimed subject matter," the question of patent eligibility may properly be resolved on the pleadings.  *LG Elecs.*, 379 F. Supp. 3d at 986-87 (citing *Content Extraction*, 776 F.3d at 1349).  Here, RPI fails to identify any claim terms that require construction in order to resolve the Section 101 issues.

## III.  CONCLUSION

For the reasons stated above and in GNOME's Motion to Dismiss (D.I. 22), RPI's Complaint alleging patent infringement has failed to allege sufficient facts to state a claim for relief because the asserted U.S. Patent No. 9,936,086 is directed to patent ineligible subject matter under 35 U.S.C. § 101**Error! Bookmark not defined.**.  Accordingly, GNOME respectfully requests that the Court grant its motion and enter the proposed order submitted herewith dismissing the Complaint with prejudice.

Dated:      December 18, 2019             Respectfully submitted,

SHEARMAN & STERLING LLP

By:   */s/ Matthew G. Berkowitz*

Matthew G. Berkowitz

*Attorney for Defendant, GNOME Foundation*